# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| CAROLE AMES, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 2:19-cv-04011-NKL |
| INTEGRITY HOME CARE, INC., | |
| Defendant. | |

## ORDER

Defendant Integrity Home Care, Inc. moves to dismiss for failure to state a claim one of three claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., brought against it by its former employee, Carole Ames. For the reasons set forth below, the motion to dismiss is denied.

### I. STANDARD

The Federal Rules of Civil Procedure require the dismissal of a complaint that fails to "state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether a complaint alleges sufficient facts to state a plausible claim to relief, the Court accepts all factual allegations as true. *See Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

### II. DISCUSSION

Integrity insists that Plaintiff's claims for "FMLA Discrimination" and "FMLA Retaliation," Counts IV and V, respectively, are duplicative of one another, and that therefore Count IV should be dismissed. However, the Eighth Circuit has recognized *three* types of claims

arising under the FMLA: (1) "interference with rights" or "entitlement" claims,[1] (2) "retaliation" claims, and (3) "discrimination" claims. *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1005–06 (8th Cir. 2012). Retaliation and discrimination under the FMLA arise under different subsections of the statute. *Id.* (citing 29 U.S.C. § 2615(a)(1) and (2)). While one type of claim "arises when an employer takes adverse action against an employee because the employee exercises rights to which he is entitled under the FMLA," the other involves adverse employment action triggered by opposition to "any practice made unlawful under the FMLA." *Pulczinski*, 691 F.3d at 1005–06 (quotation marks and citation omitted). Retaliation and discrimination claims under the FMLA thus are two different causes of action.

Integrity points out that some district court cases and older Eighth Circuit cases refer to just "two types of claims" under the FMLA. *See Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050 (8th Cir. 2006); *Wheat v. Union Pac. R.R. Co.*, No. 16-00222-CV-W-GAF, 2017 WL 2964722, at *6 (W.D. Mo. June 19, 2017). However, none of the cases Integrity cites addresses the question of whether discrimination and retaliation under the FMLA are duplicative causes of action. In any event, insofar as any such Eighth Circuit case conflicts with the more recent decision in *Pulczinski*, and insofar as any district court case conflicts with *Pulczinski*, *Pulczinski* of course controls.

Ms. Ames alleges that Integrity took adverse action against her both because she opposed conduct made unlawful by the FMLA and because she took leave in accordance with the FMLA. First, she alleges that she repeatedly expressed her opposition to retaliation, harassment, and discrimination directed to others that violated the FMLA, and that she was terminated because of

---

[1] Integrity does not suggest that Count III, for "FMLA Interference," is duplicative of the other FMLA claims or otherwise subject to dismissal. The Court therefore does not discuss that claim.

2

it.  Petition, Doc. 1-1, ¶¶ 51, 71, 72, 79, 80.  Second, she alleges that she was eligible for FMLA leave and had a serious health condition, that she was absent from work because of her condition, that she had previously given defendant notice of her need to be absent because of her condition, and that defendant discharged her because she took the FMLA leave to which she was entitled.  Petition, Doc. 1-1, ¶¶ 122-127.  Ms. Ames thus has stated two distinct claims, concerning two different types of conduct, arising under two different subsections of the FMLA.  *See Pulczinski*, 691 F.3d at 1005–06.  In short, she has stated distinct claims for both retaliation and discrimination under the FMLA.

### III. <u>CONCLUSION</u>

For the reasons discussed above, Integrity's motion to dismiss Count IV of the petition is DENIED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  February 26, 2019  
Jefferson City, Missouri